# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JENNIFER JOHNSON, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>FOSTER POULTRY FARMS, INC., )<br>    Defendant. ) | CIVIL ACTION NO. 2:19-00620-JB-N |

## REPORT AND RECOMMENDATION

Plaintiff Jennifer Johnson, who is proceeding without counsel (*pro se*), initiated the above-styled civil action by filing a complaint (Doc. 1), along with a motion for leave to proceed without prepayment of fees and costs, or *in forma pauperis* ("IFP"), under 28 U.S.C. § 1915 (Doc. 2). Upon review of the initial IFP motion, the undersigned determined that Johnson had failed to provide information necessary for the Court to make an informed decision on her entitlement to IFP status – specifically, an estimate of her weekly or monthly take-home pay from her current employer. (*See* Doc. 3). Therefore, on September 23, 2019, Johnson was ordered to either pay the $400 filing fee for this action or file an amended IFP motion that provided the needed information, no later than October 11, 2019. (*See id.*). After that deadline came and went with no response from Johnson, on October 22, 2019, the undersigned *sua sponte* gave Johnson one last chance to comply with the Court's September 23 order and extended the deadline to do so to November 15, 2019. (*See* Doc. 4).

On November 18, 2019, the Court received an amended IFP motion from Johnson

(Doc. 5).[1] However, upon review, the undersigned again determined that Johnson had failed to provide sufficient information to allow the Court to make an informed IFP determination. Specifically, her amended IFP motion reported that, since commencing this action, she has moved from her original residence in Demopolis, Alabama, to California to take a job there, but the amended IFP motion only provided financial information from when she was living and working in Demopolis. Therefore, on November 20, 2019, Johnson was ordered to either pay the $400 filing fee for this action, or "file a second amended IFP information that reports her current financial status (e.g., income, expenses and obligations) in California[,]" no later than December 13, 2019. (*See* Doc. 6). That order has not been returned to the Court as undeliverable, and to date Johnson has failed to comply with it.

Under 28 U.S.C. § 1915, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). "When considering a motion filed pursuant to § 1915(a), the only

---

[1] The assigned District Judge referred both IFP motions to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (9/10/2019 & 11/18/2019 electronic references).

determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam) (quotation omitted). Nevertheless, "[t]here is no question that proceeding *in forma pauperis* is a privilege, not a right," *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986), and "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam).[2] " 'This is especially true…in civil cases for damages,' " such as this one, " 'wherein the courts should grant the privilege sparingly.' " *Martinez*, 364 F.3d at 1306 (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)[3]).

"[A] trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915," though "it must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam). *Accord Martinez*, 364 F.3d at 1306-07 ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915…However,

---

[2] *Accord Rivera v. Allin*, 144 F.3d 719, 722, 724 (11th Cir. 1998) ("Leave to proceed IFP is, and always has been, the exception rather than the rule. To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee … To be sure, proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise."), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

[3] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds." (quotation omitted)). "When considering a motion filed pursuant to § 1915(a), the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d at 1307 (quotation omitted).

The timely payment of a filing fee as required by 28 U.S.C. § 1914[4] is not a jurisdictional prerequisite. *See Rodgers on behalf of Jones v. Bowen*, 790 F.2d 1550, 1552 (11th Cir. 1986) (citing *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir. 1978), *overruled on other grounds*, *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984)); *Casanova v. Dubois*, 304 F.3d 75, 80 & n.7 (1st Cir. 2002) ("The advance payment of a filing fee is generally not a jurisdictional prerequisite to a lawsuit." (citing *Wrenn*, 575 F.2d at 547)). Nevertheless, "if an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to dismiss the complaint if the fee is not paid within a reasonable time following the denial." *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015). The denial of IFP status is "the functional equivalent of an involuntary dismissal…" *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam).

As noted above, Johnson has failed to respond to the Court's directive to provide

---

[4] Section 1914 provides: "The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350" (except for cases involving applications for writs of habeas corpus), along with "such additional fees…as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). Currently, additional prescribed fees bring the total filing fee to $400.

information about her current financial situation in California; thus, the Court is unable to determine whether she, "because of h[er] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for h[er]self…" *Martinez*, 364 F.3d at 1307. Moreover, the Court has repeatedly warned Johnson that her failure to timely submit a motion that sufficiently shows entitlement to IFP status "will result in entry of a recommendation to the Court that [she] be denied leave to proceed IFP in this action, and that this action be dismissed without prejudice for failure to prosecute and obey the Court's orders unless [she] pays the filing fee within the time period for objections to the recommendation." (Doc. 3, PageID.33; Doc. 4, PageID.36; Doc. 6, PageID.47).

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that Johnson's IFP motions (Docs. 2, 5) be **DENIED** and that this action be **DISMISSED without prejudice** unless Johnson pays the $400 filing fee for this action within the time for submitting objections to this recommendation.

**DONE** this the 30th day of December 2019.

                                          */s/ Katherine P. Nelson*
                                          **KATHERINE P. NELSON**
                                          **UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.